# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BYRON YOUNG, | ) |
|     PLAINTIFF, | ) No. 12 C 2771 |
| v. | ) |
| | ) Judge Thomas M. Durkin |
| ILLINOIS BELL TELEPHONE COMPANY D/B/A AT&T ILLINOIS, | ) |
|     DEFENDANT. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Byron Young brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that his employer, Illinois Bell Telephone Company, did not pay him overtime compensation for the time he worked before his shift started each day, over what should have been his lunch breaks, and after his shift ended. R. 2. Specifically, Mr. Young alleges that he (1) participated in meetings, met with supervisors, reviewed job assignments and paperwork, stocked his truck, and performed other work-related tasks before the start of his shift, *id.* at ¶¶ 21-22, 45, 50; (2) routinely worked on the jobsite performing various activities required of him through lunchbreaks (a) in order to avoid being subject to discipline, and (b) to meet company efficiency standards, *id.* at ¶¶ 23-28 47, 50; and (3) cleaned

1

out and restocked his truck, completed timesheets,[1] and updated a daily status report after his work shift ended, *id.* at ¶¶ 30, 46, 50.

Mr. Young originally filed this action on February 28, 2014. *Tinoco v. Ill. Bell Tel. Co.*, No. 14 CV 1456, R. 2 (N.D. Ill.) The FLSA provides a two-year statute of limitations for ordinary claims and a three-year limitations period for willful violations. 29 U.S.C. § 255(a). Mr. Young argues that the earlier-filed collective action *Blakes v. Illinois Bell Co.*, No. 11-cv-336 (N.D. Ill.) tolled the statute of limitations on his claims from the date he filed his opt-in consent, August 12, 2011. *Id.* ¶ 3. Alternatively, he argues that his claims relate back to that date under Federal Rule of Civil Procedure 15(c). R. 15 at 3. Illinois Bell moves to dismiss all claims before February 28, 2011 on the basis that they exceed the scope of the claims conditionally certified in *Blakes*. R. 10, 20.

Judge Chang recently considered a similar motion in *Wiggins v. Illinois Bell Telephone Company*, No. 15 CV 02769, R. 19 (N.D. Ill. Oct. 22, 2015). This Court adopts Judge Chang's well-reasoned opinion in *Wiggins* to deny Illinois Bell's motion in part and grant it in part. For the reasons set forth in Judge Chang's Order:

> The statute of limitations is tolled for Mr. Young's unpaid lunch-hour claims, with the exception noted below. These claims extend back two years from the commencement of the *Blakes* action to August 12, 2009 for non-willful FLSA violations, or back three years to August 12, 2008 for willful FSLA violations.

---

[1] To the extent Mr. Young's post-shift claims include damages arising from electronic time entry, those claims remain live in the *Blakes* collective action and are not properly before this Court.

The statute of limitations is not tolled as to Mr. Young's unpaid lunch-hour claims to the extent Mr. Young alleges he worked through lunch to meet company efficiency standards. These claims extend back two years from the filing of *Tinoco* to February 28, 2012 for non-willful FLSA violations, or back three years to February 28, 2011 for willful FSLA violations.

The statute of limitations is not tolled for Mr. Young's pre-shift or post-shift work claims. These claims extend back two years from the filing of *Tinoco* to February 28, 2012 for non-willful FLSA violations, or back three years to February 28, 2011 for willful FSLA violations.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 12, 2015

3